UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC THOMAS, et al., | No. 2:13-cv-0715 MCE CKD PS |
| Plaintiffs, | |
| v. | ORDER AND |
| EMC MORTGAGE CORP., et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Defendants' motion to dismiss came on regularly for hearing May 29, 2013. Plaintiffs appeared in propria persona.[1] Jessica Luhrs appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiffs and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

Plaintiffs filed this action on February 27, 2013 in state court and the action was removed to the District Court on April 11, 2013 on the basis of diversity jurisdiction. Plaintiffs allege claims arising out of loans secured by deeds of trusts on a residential property located in Vallejo, California. Plaintiffs obtained a $644,950 residential mortgage ("First DOT") from non-defendant Residential Mortgage Capital ("Residential") which was recorded on April 3, 2006. A

---

[1] Plaintiff Marc Thomas has requested permission to file documents electronically. Plaintiff Annette Thomas has not joined in the motion. It does not appear electronic filing by only one of the pro se plaintiffs will promote efficiency. The request will therefore be denied without prejudice.

1

second mortgage ("Second DOT") was also taken out at the same time in the amount of $86,000. In November, 2006, plaintiffs obtained a $731,200 residential loan ("Third Loan") from non-defendant IZT Mortgage, Inc. ("IZT") and also obtained a second residential loan ("Fourth Loan") from IZT in the amount of $51,000. A full reconveyance of the First DOT was recorded in December, 2006 and of the Second DOT in February, 2007. Plaintiffs allege claims for breach of contract, fraud, defamation, and claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., California Civil Code § 2923.5, the California Unfair Competition Law ("UCL"), California Business and Profession Code § 17200 et seq., and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. Pending before the court is defendants' motion to dismiss.

In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

A motion to dismiss pursuant to Rule 12(b)(6) may also challenge a complaint's compliance with Federal Rule of Civil Procedure 9(b) where fraud is an essential element of a claim. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003). Rule 9(b), which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P.

9(b). These circumstances include the "'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged"). "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124.

In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007). Defendants have requested this court take judicial notice of documents. ECF No. 7. That request will be granted.

Plaintiffs premise their contract claims on an alleged November 2010 loan modification contract. To state a claim for breach of contract, plaintiff must allege (1) the existence of a contract; (2) plaintiffs' performance or excuse for the nonperformance of the contract; (3) defendants' breach of the contract; and (4) resulting damages. Armstrong Petroleum Corp. v. Tri-Valley Oil & Gas Co., 116 Cal.App.4th 1375, 1390 (2004). Plaintiffs' allegations are insufficient to state a breach of contract claim. Plaintiffs allege that they were told by the loan servicer that they did not qualify for a modification. Thus, plaintiffs cannot establish the existence of a loan modification contract and claims related to a purported breach must fail. This cause of action should accordingly be dismissed.

Plaintiffs' TILA claim is predicated on the alleged failure to make appropriate disclosures at the time of origination of the loan.[2] The loans at issue were originated in 2006 and this action was not filed until 2013. The TILA cause of action is barred by the one year statute of limitation

---

[2] The defendants named in this action did not obtain any interests in the loans until 2012, long after origination of the loans.

3

1   (15 U.S.C. § 1640(e)) and any claim for rescission is similarly barred by the three year statute (15
2   U.S.C. § 1635(f)).  See Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003)
3   (plaintiff has opportunity to discover TILA violation at origination of loan or at time plaintiff has
4   possession of loan documents).  Plaintiffs' claims under TILA are therefore time barred.

5         The fraud allegations are premised on the denial of a loan modification application.  This
6   claim fails both because of the lack of specificity required for fraud allegations under Federal
7   Rule of Civil Procedure 9(b) as well as the failure to plead intent to defraud, justifiable reliance
8   and resulting damage.  Plaintiffs set forth none of the "who, what, when, where, and how" of the
9   misconduct giving rise to plaintiffs' fraud claims.  See Kearns v. Ford Motor Co., 567 F.3d 1120,
10  1124 (9th Cir. 2009).  Plaintiffs' opposition does not suggest these deficiencies could be cured
11  and have presented no argument which would suggest amendment of these claims would be
12  anything other than futile.

13        Plaintiffs also allege a claim under California Civil Code § 2923.5, contending that
14  defendants failed to contact them to assess their financial situation prior to foreclosing.  Under
15  this section, a mortgagee, trustee, beneficiary or authorized agent must contact or diligently
16  attempt to contact the borrower before recording a notice of default and must declare it has done
17  so.  Cal. Civ. Code § 2923.5(a)(1), (b).  The section further provides that a mortgagee, trustee,
18  beneficiary or authorized agent may not file a notice of default pursuant to California Civil Code
19  § 2924 until 30 days after initial contact with the borrower is made, in person or by telephone,
20  to assess the borrower's financial situation and explore options for the borrower to avoid
21  foreclosure.  Because the complaint also acknowledges that plaintiffs were in negotiations for a
22  loan modification in 2010 and the notice of default was not recorded until November 2012,
23  plaintiffs cannot, in compliance with Federal Rule of Civil Procedure 11, make a good faith claim
24  for violation of section 2923.5.

25        Plaintiffs also allege a claim under the UCL, California Business and Professions Code §
26  17200.  A claim under the UCL must rest on a violation of some independent substantive statute,
27  regulation or case law.  See Farmers Ins. Exch. v. Superior Court, 2 Cal. 4th 377, 383 (1992)
28  (action under section 17200 borrows violations of other laws); see also Khoury v. Maly's of Cal.,

Inc., 14 Cal. App. 4th 612, 619 (1993) (plaintiff must state with reasonable particularity the facts supporting statutory elements of violation of UCL).  Plaintiffs' claims under the UCL are predicated on the alleged violation of section 2923.5.  Since that claim fails, the UCL claim is similarly deficient.  Plaintiffs also predicate their UCL claim on alleged predatory lending.  However, the named defendants did not acquire any interest in the loans until 2012.  The loans were originated in 2006.  A claim under the UCL for predatory lending against the named defendants cannot therefore lie.  Nor do plaintiffs allege any facts sufficient to give rise to a claim for fraudulent business practices.  See generally Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 180 (1999) (claim under "unfair" prong of UCL requires conduct threatening incipient violation of antitrust laws); Krantz v. BT Visual Images, LLC, 89 Cal. App. 4th 164, 178 (2001) (violation under "unlawful" prong of UCL requires underlying violation of law); Perdiguerra v. Meridas Capital, Inc., 2010 WL 395932 at *8 (N.D. Cal. Feb. 1, 2010) (claim under "fraudulent" prong of UCL requires showing of reliance and heightened particularity standard required for fraud).

Plaintiffs further allege a claim under the Fair Credit Reporting Act.  Under 15 U.S.C. § 1681s-2, plaintiffs may bring a private right of action to enforce this section where a furnisher of information receives notice of a dispute from a credit reporting agency that has received notice of a dispute from the borrower.  Plaintiffs fail to allege that there is a dispute regarding their credit or that they have informed any credit reporting agency of such a dispute.  Similarly, plaintiffs' claims for defamation and false light are deficient in that plaintiffs fail to allege that defendants willfully reported false information to a credit reporting agency.  See 15 U.S.C. § 1681h(e).  Plaintiff's claim under the FCRA should therefore be dismissed.

At the hearing on this matter, plaintiffs requested leave to amend the complaint.  Plaintiffs made clear at the hearing that any claims in an amended complaint would be predicated on alleged predatory lending and conduct occurring during the origination of the loans.  Such claims cannot lie against the named defendants.  It thus appears that amendment would be futile and these defendants should therefore be dismissed with prejudice.

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request for judicial notice (ECF No. 7) is granted;

2. Plaintiff's motion for permission to electronically file (ECF No. 13) is denied without prejudice; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (ECF No. 6) be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 5, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 thomas0715.57